

Mark H. Allenbaugh, Esq.
(VA Bar No. 65215)
Law Offices of Mark H. Allenbaugh
30432 Euclid Ave., Suite 101
Wickliffe, Ohio 44092
(800) 605-4993 (telephone)
(714) 464-4463 (fax)
mark@allenbaughlaw.com
Attorney for Plaintiffs Brian Martin and Marko Princip

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA,
# RICHMOND DIVISION

| | |
|---|---|
| Brian Martin and Marko Princip, Individually,<br><br>Plaintiffs,<br><br>vs.<br><br>A.L., a minor; and Abby Lovinger and Adam Lovinger, Individually and as next best friend of A.L., their minor son.<br><br>Defendants. | Civil Action No.: 3:13CV775<br><br>**COMPLAINT FOR BREACH OF CONTRACT; FRAUD; CONVERSION; TORTIOUS INTERFERENCE WITH BUSINESS CONTRACTS; TORTIOUS INTERFERENCE WITH ECONOMIC BENEFITS; FEDERAL STATUTORY DAMAGES**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Brian Martin and Marko Princip by and through undersigned counsel, allege as follows:

## JURISDICTION AND VENUE

1. This Court has federal jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 and has subject-matter and diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

2. The amount in controversy between the parties exceeds $75,000.

3. Defendants are domiciled at 13176 Fawnborough Road, Montpelier in the County of Hanover, Commonwealth of Virginia, within the Eastern District of Virginia.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (d); 18 U.S.C. § 1965; and 29 U.S.C. § 1132, because a substantial part of the events giving rise to the claims herein occurred in this venue. Moreover, the Defendants reside in this judicial district, and in Virginia.

## PARTIES

5. At all times relevant to the instant Complaint, Plaintiff Brian Martin has resided and is domiciled at 941 Cimarron Lane, Corona, State of California.

6. At all times relevant to the instant Complaint, Plaintiff Marko Princip has resided and is domiciled at 18032 Windflower Way, Dallas, State of Texas.

7. At all times relevant to the instant Complaint, Defendants have resided and are domiciled at 13176 Fawnborough Road, Montpelier in the County of Hanover, Commonwealth of Virginia.

## STATEMENT OF RELEVANT FACTS

8. On or about May 2012, Plaintiffs collectively and exclusively created and designed a YouTube channel denominated "VideoGames" with the following URL: http://www.youtube.com/user/VideoGames (hereinafter "VideoGames").

9. VideoGames provides "the best in gaming entertainment" where visitors voluntarily may submit digital clips or "videos" of their game play for posting on the channel, and thereby grant Plaintiffs "a perpetual non-exclusive world-wide license (not ownership) to display, promote, or modify your video for *commercial use.*" See http://www.youtube.com/user/videogames/about (emphasis added).

10. Plaintiffs are able to commercially exploit videos posted on the channel by allowing third-party commercial advertisements to be displayed during the playing of the videos.

11. Since the inception of "VideoGames," Plaintiffs have remained and do remain the sole and exclusive owners of all intellectual property in "VideoGames,"as well as entitled to

revenues generated by the commercial exploitation of any and all digital clips displayed on the site.

10. On or about June 10, 2012, Plaintiffs contracted with Defendant A.L. to assist in uploading various digital clips to "VideoGames" submitted by third-parties or otherwise with the consent of a third-party.

12. In order for Defendant A.L. to perform said services, Plaintiffs provided him with access to the "VideoGames" channel by allowing him to use the appropriate user names and passwords.

13. At all relevant times, Defendant A.L. remained a third-party contractor, and was never an owner of any of the VideoGames intellectual property in whole or in part.

14. On or about January 15, 2013, Defendant A.L. and Plaintiff Marko Princip had a disagreement regarding the fees paid to Defendant A.L. for his services.

15. On or about January 27, 2013, Defendant A.L. falsely and wrongly impersonated Style Haul network manager Leah Cone, a real person, in an effort to delay and prevent Plaintiffs from entering into an agreement with the Style Haul network to promote the VideoGames channel.

16. On or about January 27, 2013, Defendant A.L. demanded $10,000 from Plaintiffs under threat that he, Defendant A.L., would prevent Plaintiffs from having any further access or control to VideoGames with receiving said payment.

17. On or about January 29, 2013, Defendant A.L. in fact locked Plaintiffs out of the VideoGames channel by changing the email addresses and passwords required to access and maintain VideoGames; Plaintiffs have been unable to access or exert any control over VideoGames since that time.

18. On or about January 29, 2013, Defendant A.L. through his parents, Defendants Abby and Adam Lovinger, entered into a contract with the IGN YouTube Network

("IGN") whereby IGN would promote VideoGames through its network and pay Defendants a share of all advertisement revenue IGN generated; Plaintiffs never authorized this contract nor have ever received any monies from the commercial exploitation of VideoGames by IGN.

19. On or about October 12, 2013, Defendant A.L. forged the signature of Plaintiff Marko Princip on a document purported to be a settlement and release of Plaintiff Marko Princip's interest in VideoGames to Defendant A.L., and further caused the same to be electronically transmitted via the wires to Defendant A.L.'s attorney Mr. Paul Smoot, Esq.

20. On or about October 12, 2013, at 8:14 p.m., Defendant A.L. wrongfully and by fraudulent means caused an electronic communication to be transmitted via the wires to his attorney Mr. Paul Smoot, Esq., which Defendant A.L. further caused to wrongfully appear to emanate from the email address utilized by Plaintiff Marko Princip, namely, my.raw.nerve@gmail.com, all in an effort to corroborate the authenticity of the document on which he forged Plaintiff Marko Princip's signature reference in Paragraph 19.

21. On or about October 14, 2013, at 7:10 a.m., Defendant A.L. wrongfully and by fraudulent means caused an electronic communication to be transmitted via the wires to his attorney Mr. Paul Smoot, Esq., which he caused to wrongfully appear to emanate from the email address utilized by Plaintinf Marko Princip, namely, my.raw.nerve@gmail.com, all in an effort to corroborate the authenticity of the document on which he forged Plaintiff Marko Princip's signature reference in Paragraph 19.

### FIRST CLAIM (BREACH OF CONTRACT)

22. Plaintiffs repeat and re-allege paragraphs 1 through 21 above as though fully set forth in this claim.

23. Defendant A.L. wrongfully and without excuse breached the contract he entered into with Plaintiffs on or about June 10, 2012, to maintain VideoGames by failing to maintain the channel per the terms of his agreement with Plaintiffs.

24. As a direct and proximate cause of Defendant A.L.'s breach, Plaintiffs have suffered and continue to suffer damages as *inter alia* the subscriber base of the channel has failed to grow and in fact has diminished.

## SECOND CLAIM
## (CONSPIRACY)

22. Plaintiffs repeat and re-allege paragraphs 1 through 24 above as though fully set forth in this claim.

23. Defendants jointly and in concert wrongfully and with malice toward Plaintiffs did conspire to wrongfully defraud Plaintiffs of their lawful ability to operate and exploit VideoGames for economic gain.

24. Defendants further jointly and in concert wrongfully and with malice toward Plaintiffs did conspire to contract with a third-party to exploit VideoGames for commercial gain and thereby deprive Plaintiffs of any and all economic benefit of VideoGames.

25. This conduct constitutes a civil conspiracy as defined in Va. Code § 18.2-500.

26. As a direct and proximate cause of Defendants' conduct, Plaintiffs have suffered actual damages in excess of $150,000 and additional actual damages to be proven at trial.

27. Pursuant to said section of the Virginia Code, Plaintiffs are entitled to recover treble damages, that is, at least $450,000, as well as their costs of this suit and attorney's fees.

WHEREFORE, Plaintiffs demand judgment against the Defendants in the amount of $150,000 trebled to $450,000, plus prejudgment and post-judgment interest, costs and attorney's fees.

## THIRD CLAIM
## (FRAUD)

22. Plaintiffs repeat and re-allege paragraphs 1 through 18 above as though fully set forth in this claim.

23. Defendant A.L. willfully and falsely held himself out to Plaintiffs to be Style Haul network manager Leah Cone in order to delay Plaintiffs from contracting with that network.

24. Defendants conspired together to willfully and falsely hold themselves out to be the owners of VideoGames when they negotiated and entered into a contract with IGN thereby preventing Plaintiffs from commercially exploiting VideoGames.

25. Defendants knew their representations were false and otherwise willfully and knowingly made false representations to Plaintiffs as well as to IGN.

26. As a direct and proximate result of Defendants' false representations, Plaintiffs have and continue to suffer significant monetary damages.

## FOURTH CLAIM
## (CONVERSION)

24. Plaintiffs repeat and re-allege paragraphs 1 through 26 above as though fully set forth in this claim.

25. Defendants knowingly and intentionally have permanently deprived Plaintiffs of the monies generated by the VideoGames channel.

26. Plaintiffs at no time consented to Defendants claiming any ownership in the channel.

27. Plaintiffs at no time consented to Defendants locking them out of the channel.

28. Defendants have no intention to return the channel to Plaintiffs.

29. As a direct and proximate result, Plaintiffs have suffered significant monetary damages.

## FIFTH CLAIM
## (TORTIOUS INTERFERENCE WITH BUSINESS CONTRACT)

30. Plaintiffs repeat and re-allege paragraphs 1 through 29 above as though fully set forth in this claim.

31. Plaintiffs jointly created the VideoGames channel and formed a partnership contract.

32. Defendant A.L. had knowledge of Plaintiffs' co-ownership of the channel and Defendant further knew or should have known he was not entitled to any ownership in the channel.

33. Defendant A.L. intentionally interfered in Plaintiffs' ability to commercially exploit VideoGames by *inter alia* wrongfully interfering with Plaintiffs' negotiations with the Style Haul network.

34. Defendants further intentionally interfered with Plaintiffs' business contracts by contracting with IGN and thereby exclusive receive the advertising revenue from that network.

34. As a direct and proximate result, Plaintiffs have suffered significant monetary damages.

## SIXTH CLAIM
## (TORTIOUS INTERFERENCE WITH FUTURE ECONOMIC BENEFITS)

35. Plaintiffs repeat and re-allege paragraphs 1 through 34 above as though fully set forth in this claim.

36. Plaintiffs jointly created the VideoGames channel and formed a partnership contract.

37. Defendant A.L. had knowledge of Plaintiffs' co-ownership of the channel and Defendant further knew or should have known he was not entitled to any ownership in the channel.

38. Defendant A.L. intentionally interfered in Plaintiffs' ability to commercially exploit VideoGames by *inter alia* wrongfully interfering with Plaintiffs' negotiations with the Style Haul network.

39. Defendants further intentionally interfered with Plaintiffs' business contracts by contracting with IGN and thereby exclusive receive the advertising revenue from that network.

40. As a direct and proximate result, Plaintiffs have suffered significant monetary damages.

## SEVENTH CLAIM
### (18 U.S.C. § 1030(g) (Fraud and related activity in connection with computers))

35. Plaintiffs repeat and re-allege paragraphs 1 through 40 above as though fully set forth in this claim.

36. Defendant A.L. knowingly and with intent to defraud trafficked in passwords and similar information through which a computer was accessed without authorization, and which affected interstate commerce, and which he intended to extort monies from Plaintiffs by threatening to obtain information from a protected computer in excess of authorization.

37. As a direct and proximate result of the above, Plaintiffs suffered damages in excess of $5,000.

38. Pursuant to Section 1030(g) of Title 18 of the United States Code, Plaintiffs are entitled to compensatory damages.

## EIGHTH CLAIM
### (18 U.S.C. §§ 2701, 2707 (Unlawful access to stored communications))

39. Plaintiffs repeat and re-allege paragraphs 1 through 38 above as though fully set forth in this claim.

40. Defendant A.L. intentionally accessed without authorization facilities through which electronic communication service is provided in furtherance of the conspiracy to defraud Plaintiffs.

41. Pursuant to Section 2707(c) of Title 18 of the United States Code, Plaintiffs are entitled to compensatory damages as well as any profits Defendants obtained as a result of their conduct set forth above.

## NINTH CLAIM
### (Virginia Computer Crimes Act (VCCA), Va. Code Ann. § 18.2-152.3)

42. Plaintiffs repeat and re-allege paragraphs 1 through 41 above as though fully set forth in this claim.

43. Defendant A.L. knowingly and with intent to defraud trafficked in passwords and similar information through which a computer was accessed without authorization, and which affected interstate commerce, and which he intended to extort monies and convert the property of Plaintiffs.

44. As a direct and proximate result, Plaintiffs suffered substantial monetary damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for:

1. An injunction enjoining Defendants from exercising dominion and control over the VideoGames YouTube channel.

2. An order requiring the immediate return of the channel to Plaintiffs.

3. Damages in an amount exceeding $450,000.00.

4. Punitive damages.

4. Costs of suit incurred herein;

5. Reasonable attorneys' fees.

6. Such other and further relief as the Court may deem just and proper.

Dated: November 19, 2013

Respectfully submitted,

*[signature]*

MARK H. ALLENBAUGH, ESQ.
Law Offices of Mark H. Allenbaugh
Attorney for Plaintiffs

COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiffs hereby request a trial by jury.

DATED this 19th Day of November, 2013.

_____
MARK H. ALLENBAUGH, ESQ.
Law Offices of Mark H. Allenbaugh
Attorney for Plaintiffs

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is true and correct. 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at __11/15/2013____ on Friday

Corona, CA – United States
(location) (date)

_____
Plaintiff's Original Signature

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is true and correct. 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at __11/15/2013____ on Friday

Dallas, TX – United States
(location) (date)

_____
Plaintiff's Original Signature