IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| BRIAN MARTIN, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:13-cv-00775-HEH |
| | ) | |
| A.L., a minor; *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER

Defendants A.L., a minor, and Abby Lovinger and Adam Lovinger, individually and as next best friends of A.L., their minor son (collectively the "Defendants"), by counsel, submits the following Answer in response to the complaint (the "Complaint") filed by Plaintiffs Brian Martin and Marko Princip (collectively, "Plaintiffs"):

## ANSWER

### *Jurisdiction and Venue*

1. Defendants deny that this court has federal jurisdiction over the subject matter but admits that diversity jurisdiction exists as asserted in Paragraph 1.

2. Defendants admit the allegations contained in Paragraph 2.

3. Defendants admit the allegations contained in Paragraph 3.

4. Defendants admit that venue is proper in this District and deny the remaining allegations contained in Paragraph 4.

### *Parties*

5. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 5, and therefore deny them.

6. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 6, and therefore deny them.

7. Defendants admit the allegations contained in Paragraph 7.

### *Statement of Relevant Facts*

8. Defendants deny the allegations contained in Paragraph 8.

9. Defendants admit the allegations contained in Paragraph 9.

10. Defendants deny the allegations contained in Paragraph 10.

11. Defendants deny the allegations contained in Paragraph 11.

12. Defendants admit that, on or about May 25, 2012, A.L. entered into an agreement with Princip for an undivided fifty percent (50%) interest in VideoGames, which included 50% of the revenue derived from VideoGames, in exchange for A.L.'s specialized skill and ability to grow and maintain the channel, and deny any inconsistent allegations contained in the second Paragraph 10.

13. Defendants admit the allegations contained in Paragraph 12.

14. Defendants deny the allegations contained in Paragraph 13.

15. Defendants admit that Princip improperly withheld A.L.'s share of the VideoGames revenues that Princip had collected, contrary to the parties' agreement, and deny any inconsistent allegation contained in Paragraph 14.

16. Defendants deny the allegations contained in Paragraph 15.

17. Defendants deny the allegations contained in Paragraph 16.

18. Defendants admit that, due to Princip's unauthorized withholding of collected revenues from A.L, on or about January 29, 2013, A.L., with the assistance of Plaintiff Martin, removed Princip's access to VideoGames, but offered Plaintiff Princip the opportunity to regain

access to VideoGames in exchange for releasing the revenues owed to A.L., and that Princip declined to release those revenues, and deny any inconsistent allegations contained in Paragraph 17.

19. Defendants admit the allegations contained in the first clause of Paragraph 18 and deny the allegations contained in the second clause of Paragraph 18.

20. Defendants deny the allegations contained in Paragraph 19.

21. Defendants deny the allegations contained in Paragraph 20.

22. Defendants deny the allegations contained in Paragraph 21.

### First Claim (Breach of Contract)

23. In response to Paragraph 22, Defendants incorporate their responses to the allegations in Paragraphs 1 through 21 as though fully set forth herein.

24. Defendants deny the allegations contained in Paragraph 23.

25. Defendants deny the allegations contained in Paragraph 24.

### Second Claim (Conspiracy)

26. In response to Paragraph 22,[1] Defendants incorporate their responses to the allegations in Paragraphs 1 through 21 as though fully set forth herein.

27. Defendants deny the allegations contained in Paragraph 23.

28. Defendants deny the allegations contained in Paragraph 24.

29. Defendants deny the allegations contained in Paragraph 25.

30. Defendants deny the allegations contained in Paragraph 26.

31. Defendants deny the allegations contained in Paragraph 27.

---

[1] The paragraphs under Plaintiffs' Second Claim are numbered "22" through "27."

32. In response to the "Wherefore" paragraph in Plaintiffs' Second Claim, Defendants deny that Plaintiffs are entitled to the relief sought or to any other relief whatsoever.

### *Third Claim (Fraud)*

33. In response to Paragraph 22,[2] Defendants incorporate their responses to the allegations in Paragraphs 1 through 27 as though fully set forth herein.

34. Defendants deny the allegations contained in Paragraph 23.

35. Defendants deny the allegations contained in Paragraph 24.

36. Defendants deny the allegations contained in Paragraph 25.

37. Defendants deny the allegations contained in Paragraph 26.

### *Fourth Claim (Conversion)*

38. In response to Paragraph 24,[3] Defendants incorporate their responses to the allegations in Paragraphs 1 through 26 as though fully set forth herein.

39. Defendants deny the allegations contained in Paragraph 25.

40. Defendants deny the allegations contained in Paragraph 26.

41. Defendants deny the allegations contained in Paragraph 27.

42. Defendants deny the allegations contained in Paragraph 28.

43. Defendants deny the allegations contained in Paragraph 29.

### *Fifth Claim (Tortious Interference with Business Contract)*

44. In response to Paragraph 30,[4] Defendants incorporate their responses to the allegations in Paragraphs 1 through 29 as though fully set forth herein.

---

[2] The paragraphs under Plaintiffs' Third Claim are numbered "22" through "26."
[3] The paragraphs under Plaintiffs' Fourth Claim are numbered "24" through "29."
[4] The paragraphs under Plaintiffs' Fifth Claim are numbered "30" through "34."

45. Defendants admit the allegations in the first clause of Paragraph 31 and are without sufficient information to admit or deny the allegations contained in the second clause of Paragraph 31 and therefore deny them.

46. Defendants deny the allegations contained in Paragraph 32.

47. Defendants deny the allegations contained in Paragraph 33.

48. Defendants deny the allegations contained in Paragraph 34.

49. Defendants deny the allegations contained in Paragraph 34.[5]

### *Sixth Claim (Tortious Interference with Future Economic Benefits)*

50. In response to Paragraph 35,[6] Defendants incorporate their responses to the allegations in Paragraphs 1 through 34 as though fully set forth herein.

51. Defendants admit the allegations in the first clause of Paragraph 36 and are without sufficient information to admit or deny the allegations contained in the second clause of Paragraph 36 and therefore deny them.

52. Defendants deny the allegations contained in Paragraph 37.

53. Defendants deny the allegations contained in Paragraph 38.

54. Defendants deny the allegations contained in Paragraph 39.

55. Defendants deny the allegations contained in Paragraph 40.

### *Seventh Claim*
### *(18 U.S.C. § 1030(g) (Fraud and Related Activity in Connection with Computers))*

56. In response to Paragraph 35,[7] Defendants incorporate their responses to the allegations in Paragraphs 1 through 40 as though fully set forth herein.

57. Defendants deny the allegations contained in Paragraph 36.

---

[5] This paragraph is numbered "34" in the Complaint.
[6] The paragraphs under Plaintiffs' Sixth Claim are numbered "35" through "40."
[7] The paragraphs under Plaintiffs' Seventh Claim are numbered "35" through "38."

58. Defendants deny the allegations contained in Paragraph 37.

59. Defendants deny the allegations contained in Paragraph 38.

## Eighth Claim
### (18 U.S.C. §§ 2701, 2707 (Unlawful Access to Stored Communications))

60. In response to Paragraph 39,[8] Defendants incorporate their responses to the allegations in Paragraphs 1 through 38 as though fully set forth herein.

61. Defendants deny the allegations contained in Paragraph 40.

62. Defendants deny the allegations contained in Paragraph 41.

## Ninth Claim
### (Virginia Computer Crimes Act (VCCA) Va. Code Ann. § 18.2-152.3)

63. In response to Paragraph 42,[9] Defendants incorporate their responses to the allegations in Paragraphs 1 through 38 as though fully set forth herein.

64. Defendants deny the allegations contained in Paragraph 43.

65. Defendants deny the allegations contained in Paragraph 44.

**AFFIRMATIVE DEFENSES**

Defendants assert the following defenses without assuming any burden that they would not otherwise have.  Defendants reserve the right to amend their Answer with additional defenses as further information is obtained.

First Defense: Laches, Waiver, and Estoppel

1. Plaintiffs' claims are barred, in whole or in part, by the doctrines of estoppel, laches, waiver, and/or other equitable doctrines.

---

[8] The paragraphs under Plaintiffs' Eighth Claim are numbered "39" through "41."
[9] The paragraphs under Plaintiffs' Ninth Claim are numbered "42" through "44."

6

<u>Second Defense: Failure to Mitigate Damages</u>

2. Plaintiffs' claims are barred in whole or in part by their failure to mitigate damages.

<u>Third Defense: First Material Breach</u>

3. Plaintiffs' claims are barred in whole or in part by their first material breach of contract.

<u>Fourth Defense: Settlement Agreement</u>

4. On or about October 14, 2013, the parties reached a binding and effective agreement wherein all of the claims asserted in the Complaint were released and settled.

<u>Fifth Defense: Set-off and Recoupment</u>

5. Any amounts found to be owed by Defendants to any Plaintiff are subject to a right of setoff and recoupment for amounts owed to Defendants.

<u>Sixth Defense: Unclean Hands</u>

6. Plaintiffs are barred from recovering any amount due to their unclean hands.

WHEREFORE, Defendants, by counsel, respectfully requests that this Court enter an Order dismissing the Complaint with prejudice, together with such other and further relief as this Court may deem just and proper.

Respectfully submitted,

/s/ Patrick R. Hanes
Patrick R. Hanes (VSB No. 38148 )
Jonathan T. Lucier (VSB No. 81303)
WILLIAMS MULLEN
200 South 10th Street. Suite 1600
Richmond, VA  23218-1320
Facsimile:  804.420.6507
Telephone: 804.420.6606

Email: phanes@williamsmullen.com
Email: jlucier@williamsmullen.com
*Counsel for A.L., a minor; and Abby Lovinger and Adam Lovinger, Individually and as next best friends of A.L. their minor son*

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of December, 2013, a copy of the foregoing document was filed electronically with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

>Mark H. Allenbaugh, Esq.
>30432 Euclid Ave., Suite 101
>Telephone: (800) 605-4993
>Facsimile: (714) 464-4463
>Email: mark@allenbaughlaw.com
>*Counsel for Brian Martin and Marko Princip*

>/s/ Patrick R. Hanes
>Patrick R. Hanes (VSB No. 38148)
>Jonathan T. Lucier (VSB No. 81303)
>WILLIAMS MULLEN
>200 South 10th Street. Suite 1600
>Richmond, VA  23218-1320
>Facsimile:  804.420.6507
>Telephone: 804.420.6606
>Email: phanes@williamsmullen.com
>Email: jlucier@williamsmullen.com
>*Counsel for A.L., a minor; and Abby Lovinger and Adam Lovinger, Individually and as next best friends of A.L. their minor son*