# Exhibit 1

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release (the "Agreement") is entered into by and among Brian Martin (hereinafter referred to as "Martin") and Marko Princip (hereinafter referred to as "Princip") and Abby Lovinger and Adam Lovinger, individually, and on behalf of Andrew Lovinger, their minor son, and Adam Lovinger (hereinafter referred collectively to as the "Lovingers"). All parties hereto shall sometimes be referred to as "Parties" and each a "Party". This "Agreement" is freely entered into by the Parties, in consideration of the recitals, promises, representations and commitments made by each of them, all of which are material to this Agreement and set forth herein.

## RECITALS

WHEREAS, the Parties have a dispute over the rights to control a channel on the YouTube website called "VideoGames" (hereinafter referred to as "VideoGames"), including but not limited to a dispute regarding whether a previous settlement and release agreement (the "Previous Settlement Agreement") was validly executed and/or effective.

WHEREAS, on or about October 25, 2013, the Lovingers filed *Lovinger, et al. v. Princip, et al.,* Superior Court of California, in and for the County of San Mateo, Case No. 542942 (the "California Action"), asserting claims for breach of the Previous Settlement Agreement and several related tort claims.

WHEREAS, on or about November 19, 2013, Martin and Princip filed *Martin, et al. v. Lovinger, et al.*, United States District Court for the Eastern District of Virginia, Richmond Division, Civ. Action No. 3:13cv775 (the "Virginia Action"), asserting various statutory and tort claims related to VideoGames against the Lovingers.

WHEREAS, while each Party denies liability to the other Party, all Parties desire to avoid the expense and uncertainty of litigation and desire to permanently resolve this matter without further litigation.

## TERMS AND CONDITIONS

NOW, THEREFORE, in consideration of the promises and representations made herein, which each Party acknowledges as good and valuable, the receipt and sufficiency of which each Party also hereby acknowledges, it is hereby STIPULATED and AGREED by, between and among the Parties as follows:

1.        EFFECTIVE DATE. The Effective Date shall be January 8, 2013.


2.        SETTLEMENT TERMS.
INITIALS:
Brian Martin _____
Marko Princip _____
Abby Lovinger _____
Adam Lovinger _____

a.      This Agreement is given in consideration of the Parties mutual promises set forth herein below, including a release of all claims arising from conduct by the Lovingers, Martin and Princip, together with the payment set forth below, and promises and commitments made herein.  In exchange for the foregoing, the Parties agree that this Agreement is a full and final settlement and compromise of this action and a release and discharge of any and all claims and causes of action by the Parties, and a release and discharge of any and all the Parties' claims and causes of action arising out of the events or incidents referred to in, or in any way related to, the California Action or the Virginia Action.

b.      On or before midnight on January 15, 2014 (hereinafter the "Transfer Date"), the Lovingers will transfer all interest, control, and passwords, and a copy of all operative agreements with third-parties, with regard to VideoGames, to Martin and Princip.  As of the Transfer Date, the Lovingers relinquish, convey, grant and quit claim all rights, title and interest, including intellectual property rights, if any, to the YouTube Channel Videogames to Martin and Princip, as well as any right to access the YouTube Channel Videogames.

c.      Notwithstanding the transfer, relinquishment, conveyance, grant, and quit claim set forth in Section 2.b., the Lovingers shall be entitled to receive and to keep, and are not required to reimburse Martin or Princip for, all revenues and income generated from VideoGames through the Transfer Date, including but not limited to revenues generated for pre-Transfer Date VideoGames views and advertisements but due to be paid post transfer.  Any such revenues paid post transfer shall be paid directly to the Lovingers, and Martin and Princip will not make any demand, claim, or representation that such revenues should not be paid to the Lovingers.

d.      Martin and Princip, jointly and severally, shall, beginning on or before March 15, 2014, or as soon thereafter as sufficient net revenue is received that is generated in any manner from VideoGames after the Transfer Date, whether by advertisements or the sale or assignment of any rights related to VideoGames,  pay the Lovingers a sum total of $30,000 in three (3) equal monthly installments of $10,000 each due on or before the 15th day of each month until paid in full.  If any monthly payment is not timely made in the full amount of $10,000, on the grounds that sufficient net revenue has not yet been received, then Martin and Princip will pay all net revenue to the Lovingers until the Lovingers are paid in full, and the Lovingers and/or their accountant will be entitled to inspect all records relating to the net revenue from VideoGames.  "Net revenue" shall be defined as gross revenue less expenses, before any payments of any kind to Martin, Princip, or any related persons or entities, and before taxes. Expenses shall include ordinary expenses according to GAAP.

e.      The Parties agree and stipulate that there is no admission of wrongdoing by any

INITIALS:
Brian Martin _____
Marko Princip _____
Abby Lovinger _____
Adam Lovinger _____
Andrew Lovinger _____

party, and that no party, directly or indirectly, shall cause to be filed, or has filed, any report, claim, or complaint with any governmental agency or administrative body, nor any private corporate entity, such as Google or YouTube.

f.   Within five (5) business days of the Effective Date, Martin and Princip will file a motion to dismiss the Virginia Action with prejudice.

g.   Within five (5) business days of the Effective Date, the parties will file a joint request for dismissal of the California Action with prejudice, subject to the stipulation that the Superior Court of California, in and for the County of San Mateo, shall retain jurisdiction of this matter pursuant to California Code of Civil Procedure § 664.6 until such time as all terms and conditions of this Agreement have been performed.

3.       MUTUAL RELEASES.   Upon the Effective Date, and except for the obligations specifically set forth in this Agreement, all Parties, on their own behalf and on behalf of their present, former, and future affiliates, agents, attorneys, accountants, assigns, employees, insurers, members, officers, parents, partners, predecessors, representatives, subsidiaries, successors, and all persons claiming by or through them (collectively, the "Releasors"), release and forever discharge each other, and any and all of their present, former, and future accountants, administrators, affiliates, agents, attorneys, directors, distributors, employees, insurers, licensees, members, officers, parents, predecessors, principals, representatives, shareholders, subsidiaries, successors and assigns, sureties, and underwriters (collectively, the "Releasees") from any and all accounts, actions, agreements, bills, bonds, causes of action, claims, controversies, costs and expenses, damages, debts, demands, execution, extents, fees (including but not limited to attorneys' fees), injuries, judgments, liabilities, liens, losses, obligations, promises, reckonings, specialties, suits, sums of money, trespasses, variances, whatsoever, in law or in equity, for compensatory or punitive damages or any other reliefs, monetary or otherwise, whether suspected or unsuspected, pleaded or unpleaded, direct or indirect, asserted or unasserted, hidden or concealed, matured or unmatured, material or immaterial, contingent or absolute, that the Releasors ever had from the beginning of the world until the Effective Date of this Agreement, against the Releasees.

4.       1542 WAIVER.  In furtherance of the intentions set forth in this Agreement each of the Parties acknowledges that it is familiar with California Civil Code section 1542, which provides as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

5.       KNOWING AND VOLUNTARY RELEASE. The Parties declare that prior to execution of this Agreement, each has consulted or has had the opportunity to consult with his, her or its

INITIALS:
Brian Martin
Marko Princip _____
Abby Lovinger _____
Adam Lovinger _____

counsel of choice.  The Parties further apprised themselves of sufficient relevant information, through sources of their own selection, in order that they might intelligently exercise their own judgment in deciding whether to execute the Agreement and in deciding on the contents hereof. The Parties further declare this decision is not predicated or influenced by any declarations or representations of Releasees other than those expressly set forth in this instrument. The Parties further expressly state that each has read this Release, with the assistance of counsel of choice, and understands all of its terms, and that the preceding paragraphs recite sole consideration for this Release, and that all agreements and understandings between the parties are embodied and expressed herein. The Parties acknowledge that they have each read and reviewed the terms of this Agreement, and had an opportunity to confer with counsel in the negotiation of this Agreement.  Accordingly, the Agreement shall be construed neither for nor against any party, but shall be given a fair and reasonable interpretation in accordance with the meaning of the terms and the intent of the Parties.

6.        AGREEMENT TO COOPERATE.        In the event Martin or Princip require the Lovingers to execute any additional and further documents or action to secure the right, title and interest in the YouTube Channel Videogames, the Lovingers shall reasonably cooperate.  In the event there are any notary fees or other such fees related to the authentication of signatures for signing additional and further documents or for the delivery of such documents, *i.e.*, after the execution of this Agreement, the reasonable and customary costs of such fees shall be borne by Martin and/or Princip.

7.        REPRESENTATIONS AND WARRANTIES.   Each Party hereby represents and warrants to and for the benefit of each other Party as follows:

a.        Each of the Parties has the power and authority to execute and deliver this Agreement and to perform all of the respective terms, conditions and obligations set forth herein.

b.        This Agreement is the legal, valid and binding obligation of it, he or she, enforceable against it, he or she in accordance with its terms.

c.        The Parties, and each of them, whether individually or collectively, have not transferred, assigned or conveyed any claim or right being released hereunder, and has full power and authority to fully and finally release each such claim or right.

d.        Each of the Parties hereto expressly understand, state and agree that he or she has received valuable consideration in exchange for the promises contained herein.

e.        This Agreement, including the consideration contained herein, has been negotiated at arms-length between the Parties.

f.        Each of the Parties warrants and represents that no claims have been made or asserted against any of the other Parties, whether criminal, civil, or administrative to any public agency or with Google, Youtube or any other entity, other than the California Action and the Virginia Action.

INITIALS:
Brian Martin _____
Marko Princip _____
Abby Lovinger _____
Adam Lovinger _____
Andrew Lovinger _____

8.        NOTICE.   Any notice shall be sent by both Registered Mail and electronic mail for notice to be effect. Notice for each party shall be as follows:

**The Lovingers**                                        1720 S. Amphlett Blvd., Suite 104
                                                         San Mateo, CA 94402
Send to Both:
                                                         pjsmoot@gmail.com
Patrick R. Hanes
Williams Mullen                                          **Martin and Princip**
200 South Tenth Street
Richmond, Virginia 23219                                 Mark H. Allenbaugh
phanes@williamsmullen.com                                Law Offices of Mark H. Allenbaugh
                                                         30432 Euclid Ave., Suite 101
And:                                                     Wickliffe, Ohio 44092
                                                         mark@allenbaughlaw.com
Paul J. Smoot
Law Office of Paul J. Smoot

9.        CALIFORNIA LAW AND JURISDICTION FOR ENFORCEMENT.   This Agreement shall be construed and enforced in accordance with the laws of the State of California.   The Parties acknowledge, agree and stipulate that the Superior Court of California, in and for the County of San Mateo, shall retain jurisdiction of this matter pursuant to California Code of Civil Procedure § 664.6 until such time as all terms and conditions of this Agreement have been performed.   In the event of dispute, any party may seek enforcement of this Agreement.

10.       ATTORNEY FEES AND COSTS.   The Parties agree, represent and warrant that each party shall bear his, her or its own attorney fees and costs, and there shall be no prevailing party. This provision does not apply to the enforcement of this Agreement.   In the event a party moves to enforce this Agreement, the court shall award reasonable attorney fees and costs to the prevailing party.

11.       AMENDMENT.   This Agreement may not be modified, altered or changed except in a writing duly executed by all Parties, wherein specific reference is made to this Agreement.

12.       SEVERABILITY.   If any provision of this Agreement is held to be unenforceable for any reason, the remaining parts of the Agreement shall remain in full force and effect.

13.       WAIVER.   The failure of a Party to object to, or the waiver by any Party of, one or more breaches or violations of this Agreement shall not constitute a waiver or limitation upon the right of such Party to object to, or operate or be construed as a waiver or estoppel of, any other

INITIALS:
Brian Martin _____
Marko Princip _____
Abby Lovinger _____
Adam Lovinger _____

breach or violation of this Agreement.  No waiver by any Party of any breach of any right under this Agreement shall be valid unless in writing and signed by an authorized representative of such Party.

14.  FINAL ACCORD AND SATISFACTION.  This Agreement is intended to be final and binding between the Parties hereto and is a full and final accord and satisfaction in this Action between the Parties hereto as of the time of the signing of this Agreement, and each Party expressly relies on the finality of this Agreement as a substantial, material factor inducing the Parties' execution of this Agreement.

15.  SUCCESSORS AND ASSIGNS.  This Agreement shall be binding upon and shall inure to the benefit of the Parties hereto and their respective successors and assigns.

16.  COUNTERPARTS.  This Agreement may be signed in two or more identical counterparts, each of which when so executed and delivered shall be an original, but such counterparts shall together constitute one and the same enforceable instrument.  A photocopied, faxed or electronic signature on the Agreement shall be sufficient to bind the signing Party.

17.  CONSTRUCTION.  This Agreement has been drafted jointly by the Parties.  This Agreement is to be construed fairly and not in favor of or against any Party, regardless of which Party or Parties drafted or participated in the drafting of its terms.  Any rule of construction that a document is to be construed against the drafting Party shall not be applicable to this Agreement.  In the event an ambiguity or question of intent or interpretation arises, this Agreement shall be construed as if drafted jointly by the Parties and no presumption or burden of proof shall arise favoring or disfavoring any Party by virtue of authorship of any of the provisions of this Agreement.

18.  HEADING AND TITLES.  Headings and titles herein are for convenience of reference only and shall not be considered in the interpretation of this Agreement or the construction of any of its terms.

19.  ENTIRE AGREEMENT.  This Agreement sets forth the entire agreement and understanding among the Parties with respect to the subject matter hereof, and fully supersedes and replaces any prior oral or written communications, representations, or understandings concerning the terms of this Agreement.  The Parties acknowledge that they have not relied on any representations, promises, or agreements of any kind made to
them by any person or entity in connection with their decision to accept this Agreement, except as expressly set forth in this Agreement.

20.  FULL EXECUTION. This Agreement shall have no force or effect until and unless it is fully executed by all Parties on the signature page and initialed on every preceding page.

INITIALS:
Brian Martin _____
Marko Princip _____
Abby Lovinger _____
Adam Lovinger _____
Andrew Lovinger _____

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be duly executed on the dates set forth below.

Date: _____

_____
By: Adam Lovinger, individually and on behalf of Andrew Lovinger

STATE OF _____
COUNTY OF _____

   I, _____, a Notary Public of the County and State aforesaid, certify that _____ personally appeared before me this day and, being personally known to me, acknowledged to me that the foregoing instrument was signed by (him/her) voluntarily for the purposes expressed therein on this ____ day of _____, 20__.


_____
   Notary Public (signature)

_____
   Notary Public (printed name)

My Commission Expires: _____

(SEAL)


Date: _____

_____
By: Abby Lovinger, individually and on behalf of and as Guardian Ad Litem for Andrew Lovinger

STATE OF _____
COUNTY OF _____

   I, _____, a Notary Public of the County and State aforesaid, certify that _____ personally appeared before me this day and, being personally known to me, acknowledged to me that the foregoing instrument was signed by (him/her) voluntarily for the purposes expressed therein on this ____ day of _____, 20__.


_____
   Notary Public (signature)

_____
   Notary Public (printed name)

My Commission Expires: _____

(SEAL)

Date: _____


INITIALS:
Brian Martin _____
Marko Princip _____
Abby Lovinger _____
Adam Lovinger _____

Page  of 10

_____

By: Andrew Lovinger

STATE OF _____
COUNTY OF _____

    I, _____, a Notary Public of the County and State aforesaid, certify that _____ personally appeared before me this day and, being personally known to me, acknowledged to me that the foregoing instrument was signed by (him/her) voluntarily for the purposes expressed therein on this ____ day of _____, 20__.


_____
   Notary Public (signature)

_____
    Notary Public (printed name)

My Commission Expires: _____

(SEAL)

Date: _____

_____

By: Marko Princip

STATE OF _____
COUNTY OF _____

    I, _____, a Notary Public of the County and State aforesaid, certify that _____ personally appeared before me this day and, being personally known to me, acknowledged to me that the foregoing instrument was signed by (him/her) voluntarily for the purposes expressed therein on this ____ day of _____, 20__.


_____
   Notary Public (signature)

_____
    Notary Public (printed name)

My Commission Expires: _____

(SEAL)


INITIALS:
Brian Martin _____
Marko Princip _____
Abby Lovinger _____
Adam Lovinger _____
Andrew Lovinger _____

Page   of 10

Date: 1/4/14

_____

By:  Brian Martin

STATE OF *California*
COUNTY OF *Riverside*

I, *MIR HADI VAHABI* , a Notary
Public of the County and State aforesaid, certify
that *BRIAN DENNIS MARTIN* personally appeared
before me this day and, being personally known
to me, acknowledged to me that the foregoing
instrument was signed by (him/her) voluntarily
for the purposes expressed therein on this *4 TH*
day of *JANUARY* , 20*14*

_____
Notary Public (signature)

*MIR HADI VAHABI*
_____
Notary Public (printed name)

My Commission Expires: *MAY 17, 2016*

(SEAL)

```
MIR HADI VAHABI
Commission # 1975601
Notary Public - California
Riverside County
My Comm. Expires May 17, 2016
```

INITIALS:
Brian Martin *BM*
Marko Princip _____
Abby Lovinger _____
Adam Lovinger _____

Page  of 10

APPROVED AS TO FORM:

Date: January 7, 2013

By: Mark Allenbaugh, Counsel for Brian Martin and Marko Princip

Date: _____

_____
By: Patrick R. Hanes, Counsel for the Lovingers in the Virginia Action

Date: _____

_____
By: Paul J. Smoot, Counsel for the Lovingers in the California Action

INITIALS:
Brian Martin
Marko Princip _____
Abby Lovinger _____
Adam Lovinger _____
Andrew Lovinger _____

Page  of 10

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release (the "Agreement") is entered into by and among Brian Martin (hereinafter referred to as "Martin") and Marko Princip (hereinafter referred to as "Princip") and Abby Lovinger and Adam Lovinger, individually, and on behalf of Andrew Lovinger, their minor son, and Adam Lovinger (hereinafter referred collectively to as the "Lovingers"). All parties hereto shall sometimes be referred to as "Parties" and each a "Party". This "Agreement" is freely entered into by the Parties, in consideration of the recitals, promises, representations and commitments made by each of them, all of which are material to this Agreement and set forth herein.

## RECITALS

WHEREAS, the Parties have a dispute over the rights to control a channel on the YouTube website called "VideoGames" (hereinafter referred to as "VideoGames"), including but not limited to a dispute regarding whether a previous settlement and release agreement (the "Previous Settlement Agreement") was validly executed and/or effective.

WHEREAS, on or about October 25, 2013, the Lovingers filed *Lovinger, et al. v. Princip, et al.,* Superior Court of California, in and for the County of San Mateo, Case No. 542942 (the "California Action"), asserting claims for breach of the Previous Settlement Agreement and several related tort claims.

WHEREAS, on or about November 19, 2013, Martin and Princip filed *Martin, et al. v. Lovinger, et al.*, United States District Court for the Eastern District of Virginia, Richmond Division, Civ. Action No. 3:13cv775 (the "Virginia Action"), asserting various statutory and tort claims related to VideoGames against the Lovingers.

WHEREAS, while each Party denies liability to the other Party, all Parties desire to avoid the expense and uncertainty of litigation and desire to permanently resolve this matter without further litigation.

## TERMS AND CONDITIONS

NOW, THEREFORE, in consideration of the promises and representations made herein, which each Party acknowledges as good and valuable, the receipt and sufficiency of which each Party also hereby acknowledges, it is hereby STIPULATED and AGREED by, between and among the Parties as follows:

1.      EFFECTIVE DATE. The Effective Date shall be January 8, 2013.

Page of 11

INITIALS:
Brian Martin _____
Marko Princip *M.P*
Abby Lovinger _____
Adam Lovinger _____
Andrew Lovinger _____

2.	SETTLEMENT TERMS.

a.	This Agreement is given in consideration of the Parties mutual promises set forth herein below, including a release of all claims arising from conduct by the Lovingers, Martin and Princip, together with the payment set forth below, and promises and commitments made herein.  In exchange for the foregoing, the Parties agree that this Agreement is a full and final settlement and compromise of this action and a release and discharge of any and all claims and causes of action by the Parties, and a release and discharge of any and all the Parties' claims and causes of action arising out of the events or incidents referred to in, or in any way related to, the California Action or the Virginia Action.

b.	On or before midnight on January 15, 2014 (hereinafter the "Transfer Date"), the Lovingers will transfer all interest, control, and passwords, and a copy of all operative agreements with third-parties, with regard to VideoGames, to Martin and Princip.  As of the Transfer Date, the Lovingers relinquish, convey, grant and quit claim all rights, title and interest, including intellectual property rights, if any, to the YouTube Channel Videogames to Martin and Princip, as well as any right to access the YouTube Channel Videogames.

c.	Notwithstanding the transfer, relinquishment, conveyance, grant, and quit claim set forth in Section 2.b., the Lovingers shall be entitled to receive and to keep, and are not required to reimburse Martin or Princip for, all revenues and income generated from VideoGames through the Transfer Date, including but not limited to revenues generated for pre-Transfer Date VideoGames views and advertisements but due to be paid post transfer.  Any such revenues paid post transfer shall be paid directly to the Lovingers, and Martin and Princip will not make any demand, claim, or representation that such revenues should not be paid to the Lovingers.

d.	Martin and Princip, jointly and severally, shall, beginning on or before March 15, 2014, or as soon thereafter as sufficient net revenue is received that is generated in any manner from VideoGames after the Transfer Date, whether by advertisements or the sale or assignment of any rights related to VideoGames, pay the Lovingers a sum total of $30,000 in three (3) equal monthly installments of $10,000 each due on or before the 15th day of each month until paid in full. If any monthly payment is not timely made in the full amount of $10,000, on the grounds that sufficient net revenue has not yet been received, then Martin and Princip will pay all net revenue to the Lovingers until the Lovingers are paid in full, and the Lovingers and/or their accountant will be entitled to inspect all records relating to the net revenue from VideoGames.  "Net revenue" shall be defined as gross revenue less expenses, before any payments of any kind to

Page of 11

INITIALS:
Brian Martin _____
Marko Princip *M·P*
Abby Lovinger _____
Adam Lovinger _____
Andrew Lovinger _____

Martin, Princip, or any related persons or entities, and before taxes. Expenses shall include ordinary expenses according to GAAP.

e.    The Parties agree and stipulate that there is no admission of wrongdoing by any party, and that no party, directly or indirectly, shall cause to be filed, or has filed, any report, claim, or complaint with any governmental agency or administrative body, nor any private corporate entity, such as Google or YouTube.

f.    Within five (5) business days of the Effective Date, Martin and Princip will file a motion to dismiss the Virginia Action with prejudice.

g.    Within five (5) business days of the Effective Date, the parties will file a joint request for dismissal of the California Action with prejudice, subject to the stipulation that the Superior Court of California, in and for the County of San Mateo, shall retain jurisdiction of this matter pursuant to California Code of Civil Procedure § 664.6 until such time as all terms and conditions of this Agreement have been performed.

3.    MUTUAL RELEASES.   Upon the Effective Date, and except for the obligations specifically set forth in this Agreement, all Parties, on their own behalf and on behalf of their present, former, and future affiliates, agents, attorneys, accountants, assigns, employees, insurers, members, officers, parents, partners, predecessors, representatives, subsidiaries, successors, and all persons claiming by or through them  (collectively, the "Releasors"), release and forever discharge each other, and any and all of their present, former, and future accountants, administrators, affiliates, agents, attorneys, directors, distributors, employees, insurers, licensees, members, officers, parents, predecessors, principals, representatives, shareholders, subsidiaries, successors and assigns, sureties, and underwriters (collectively, the "Releasees") from any and all accounts, actions, agreements, bills, bonds, causes of action, claims, controversies, costs and expenses, damages, debts, demands, execution, extents, fees (including but not limited to attorneys' fees), injuries, judgments, liabilities, liens, losses, obligations, promises, reckonings, specialties, suits, sums of money,   trespasses,   variances, whatsoever, in law or in equity, for compensatory or punitive damages or any other reliefs, monetary or otherwise, whether suspected or unsuspected, pleaded or unpleaded, direct or indirect, asserted or unasserted, hidden or concealed, matured or unmatured, material or immaterial, contingent or absolute, that the Releasors ever had from the beginning of the world until the Effective Date of this Agreement, against the Releasees.

4.    1542 WAIVER.  In furtherance of the intentions set forth in this Agreement each of the Parties acknowledges that it is familiar with California Civil Code section 1542, which provides as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE

Page of 11

INITIALS:
Brian Martin ____
Marko Princip *M.P*
Abby Lovinger ____
Adam Lovinger ____
Andrew Lovinger _____

TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

5.  KNOWING AND VOLUNTARY RELEASE. The Parties declare that prior to execution of this Agreement, each has consulted or has had the opportunity to consult with his, her or its counsel of choice. The Parties further apprised themselves of sufficient relevant information, through sources of their own selection, in order that they might intelligently exercise their own judgment in deciding whether to execute the Agreement and in deciding on the contents hereof. The Parties further declare this decision is not predicated or influenced by any declarations or representations of Releasees other than those expressly set forth in this instrument. The Parties further expressly state that each has read this Release, with the assistance of counsel of choice, and understands all of its terms, and that the preceding paragraphs recite sole consideration for this Release, and that all agreements and understandings between the parties are embodied and expressed herein. The Parties acknowledge that they have each read and reviewed the terms of this Agreement, and had an opportunity to confer with counsel in the negotiation of this Agreement. Accordingly, the Agreement shall be construed neither for nor against any party, but shall be given a fair and reasonable interpretation in accordance with the meaning of the terms and the intent of the Parties.

6.  AGREEMENT TO COOPERATE.    In the event Martin or Princip require the Lovingers to execute any additional and further documents or action to secure the right, title and interest in the YouTube Channel Videogames, the Lovingers shall reasonably cooperate. In the event there are any notary fees or other such fees related to the authentication of signatures for signing additional and further documents or for the delivery of such documents, *i.e.*, after the execution of this Agreement, the reasonable and customary costs of such fees shall be borne by Martin and/or Princip.

7.  REPRESENTATIONS AND WARRANTIES.   Each Party hereby represents and warrants to and for the benefit of each other Party as follows:

    a.      Each of the Parties has the power and authority to execute and deliver this Agreement and to perform all of the respective terms, conditions and obligations set forth herein.
    b.      This Agreement is the legal, valid and binding obligation of it, he or she, enforceable against it, he or she in accordance with its terms.
    c.      The Parties, and each of them, whether individually or collectively, have not transferred, assigned or conveyed any claim or right being released hereunder, and has full power and authority to fully and finally release each such claim or right.

Page of  11

INITIALS:
Brian Martin ____
Marko Princip _M.P_
Abby Lovinger ____
Adam Lovinger ____
Andrew Lovinger _____

d.      Each of the Parties hereto expressly understand, state and agree that he or she has received valuable consideration in exchange for the promises contained herein.

e.      This Agreement, including the consideration contained herein, has been negotiated at arms-length between the Parties.

f.      Each of the Parties warrants and represents that no claims have been made or asserted against any of the other Parties, whether criminal, civil, or administrative to any public agency or with Google, Youtube or any other entity, other than the California Action and the Virginia Action.

8.    NOTICE.    Any notice shall be sent by both Registered Mail and electronic mail for notice to be effect. Notice for each party shall be as follows:

**The Lovingers**                          Law Office of Paul J. Smoot
                                           1720 S. Amphlett Blvd., Suite 104
Send to Both:                              San Mateo, CA 94402

Patrick R. Hanes                           pjsmoot@gmail.com
Williams Mullen
200 South Tenth Street                     **Martin and Princip**
Richmond, Virginia 23219
phanes@williamsmullen.com                  Mark H. Allenbaugh
                                           Law Offices of Mark H. Allenbaugh
And:                                       30432 Euclid Ave., Suite 101
                                           Wickliffe, Ohio 44092
Paul J. Smoot                              mark@allenbaughlaw.com

9.    CALIFORNIA LAW AND JURISDICTION FOR ENFORCEMENT.   This Agreement shall be construed and enforced in accordance with the laws of the State of California. The Parties acknowledge, agree and stipulate that the Superior Court of California, in and for the County of San Mateo, shall retain jurisdiction of this matter pursuant to California Code of Civil Procedure § 664.6 until such time as all terms and conditions of this Agreement have been performed.   In the event of dispute, any party may seek enforcement of this Agreement.

10.    ATTORNEY FEES AND COSTS.   The Parties agree, represent and warrant that each party shall bear his, her or its own attorney fees and costs, and there shall be no prevailing party. This provision does not apply to the enforcement of this Agreement.   In the event a party moves to enforce this Agreement, the court shall award reasonable attorney fees and costs to the prevailing party.

Page  of  11

INITIALS:
Brian Martin _____
Marko Princip _M.P_
Abby Lovinger _____
Adam Lovinger _____
Andrew Lovinger _____

11.   AMENDMENT.  This Agreement may not be modified, altered or changed except in a writing duly executed by all Parties, wherein specific reference is made to this Agreement.

12.   SEVERABILITY.  If any provision of this Agreement is held to be unenforceable for any reason, the remaining parts of the Agreement shall remain in full force and effect.

13.   WAIVER.  The failure of a Party to object to, or the waiver by any Party of, one or more breaches or violations of this Agreement shall not constitute a waiver or limitation upon the right of such Party to object to, or operate or be construed as a waiver or estoppel of, any other breach or violation of this Agreement.  No waiver by any Party of any breach of any right under this Agreement shall be valid unless in writing and signed by an authorized representative of such Party.

14.   FINAL ACCORD AND SATISFACTION.   This Agreement is intended to be final and binding between the Parties hereto and is a full and final accord and satisfaction in this Action between the Parties hereto as of the time of the signing of this Agreement, and each Party expressly relies on the finality of this Agreement as a substantial, material factor inducing the Parties' execution of this Agreement.

15.   SUCCESSORS AND ASSIGNS.  This Agreement shall be binding upon and shall inure to the benefit of the Parties hereto and their respective successors and assigns.

16.   COUNTERPARTS.    This Agreement may be signed in two or more identical counterparts, each of which when so executed and delivered shall be an original, but such counterparts shall together constitute one and the same enforceable instrument.   A photocopied, faxed or electronic signature on the Agreement shall be sufficient to bind the signing Party.

17.   CONSTRUCTION.  This Agreement has been drafted jointly by the Parties.  This Agreement is to be construed fairly and not in favor of or against any Party, regardless of which Party or Parties drafted or participated in the drafting of its terms.  Any rule of construction that a document is to be construed against the drafting Party shall not be applicable to this Agreement.  In the event an ambiguity or question of intent or interpretation arises, this Agreement shall be construed as if drafted jointly by the Parties and no presumption or burden of proof shall arise favoring or disfavoring any Party by virtue of authorship of any of the provisions of this Agreement.

18.   HEADING AND TITLES.  Headings and titles herein are for convenience of reference only and shall not be considered in the interpretation of this Agreement or the construction of any of its terms.

Page of 11

INITIALS:
Brian Martin _____
Marko Princip _M P_
Abby Lovinger _____
Adam Lovinger _____
Andrew Lovinger _____

19. **ENTIRE AGREEMENT.** This Agreement sets forth the entire agreement and understanding among the Parties with respect to the subject matter hereof, and fully supersedes and replaces any prior oral or written communications, representations, or understandings concerning the terms of this Agreement. The Parties acknowledge that they have not relied on any representations, promises, or agreements of any kind made to them by any person or entity in connection with their decision to accept this Agreement, except as expressly set forth in this Agreement.

20. **FULL EXECUTION.** This Agreement shall have no force or effect until and unless it is fully executed by all Parties on the signature page and initialed on every preceding page.

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be duly executed on the dates set forth below.

Date: _____

_____
By: Adam Lovinger, individually and on behalf of Andrew Lovinger

STATE OF _____
COUNTY OF _____

I, _____, a Notary Public of the County and State aforesaid, certify that _____ personally appeared before me this day and, being personally known to me, acknowledged to me that the foregoing instrument was signed by (him/her) voluntarily for the purposes expressed therein on this ___ day of _____, 20__.

_____
Notary Public (signature)

_____
Notary Public (printed name)

My Commission Expires:

_____

(SEAL)

Page of 11

Date: _____

_____

By: Abby Lovinger, individually and on
behalf of and as Guardian Ad Litem for
Andrew Lovinger

STATE OF _____
COUNTY OF _____

     I, _____, a
Notary Public of the County and State
aforesaid, certify that _____
personally appeared before me this day
and, being personally known to me,
acknowledged to me that the foregoing
instrument was signed by (him/her)
voluntarily for the purposes expressed
therein on this ____ day of _____,
20__.

_____
     Notary Public (signature)

_____
     Notary Public (printed name)

My Commission Expires:

_____

(SEAL)

Date: _____

_____

By: Andrew Lovinger

STATE OF _____
COUNTY OF _____

     I, _____, a
Notary Public of the County and State
aforesaid, certify that _____
personally appeared before me this day
and, being personally known to me,
acknowledged to me that the foregoing
instrument was signed by (him/her)
voluntarily for the purposes expressed
therein on this ____ day of _____,
20__.

Page of 11

Date: _1-4-2014_

_____
Notary Public (signature)

_Marko Princip_
By: Marko Princip

_____
Notary Public (printed name)

STATE OF _Texas_
COUNTY OF _Collin_

My Commission Expires:

_____

(SEAL)

    I, _Linda K. Patrick_, a
Notary Public of the County and State
aforesaid, certify that _Marko Princip_
personally appeared before me this day
and, being personally known to me,
acknowledged to me that the foregoing
instrument was signed by (him/~~her~~)
voluntarily for the purposes expressed
therein on this _4th_ day of _Jan_ ,
20 _14_

_Linda K. Patrick_
Notary Public (signature)

_Linda K. Patrick_
Notary Public (printed name)

My Commission Expires:
_02-23-2015_

(SEAL)

LINDA K. PATRICK
MY COMMISSION EXPIRES
February 23, 2015

Page of  11

Date: _____

_____

By:  Brian Martin

STATE OF _____
COUNTY OF _____

      I, _____, a
Notary Public of the County and State
aforesaid, certify that _____
personally appeared before me this day
and, being personally known to me,
acknowledged to me that the foregoing
instrument was signed by (him/her)
voluntarily for the purposes expressed
therein on this ____ day of _____,
20__.

_____
    Notary Public (signature)

_____
    Notary Public (printed name)

My Commission Expires:
_____

(SEAL)

APPROVED AS TO FORM:


Date: January 7, 2013

By: Mark Allenbaugh, Counsel for Brian
Martin and Marko Princip


Date: _____


By: Patrick R. Hanes, Counsel for the
Lovingers in the Virginia Action


Date: _____


By: Paul J. Smoot, Counsel for the
Lovingers in the California Action


Page of 11

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release (the "Agreement") is entered into by and among Brian Martin (hereinafter referred to as "Martin") and Marko Princip (hereinafter referred to as "Princip") and Abby Lovinger and Adam Lovinger, individually, and on behalf of Andrew Lovinger, their minor son, and Adam Lovinger (hereinafter referred collectively to as the "Lovingers"). All parties hereto shall sometimes be referred to as "Parties" and each a "Party". This "Agreement" is freely entered into by the Parties, in consideration of the recitals, promises, representations and commitments made by each of them, all of which are material to this Agreement and set forth herein.

## RECITALS

WHEREAS, the Parties have a dispute over the rights to control a channel on the YouTube website called "VideoGames" (hereinafter referred to as "VideoGames"), including but not limited to a dispute regarding whether a previous settlement and release agreement (the "Previous Settlement Agreement") was validly executed and/or effective.

WHEREAS, on or about October 25, 2013, the Lovingers filed *Lovinger, et al. v. Princip, et al.,* Superior Court of California, in and for the County of San Mateo, Case No. 542942 (the "California Action"), asserting claims for breach of the Previous Settlement Agreement and several related tort claims.

WHEREAS, on or about November 19, 2013, Martin and Princip filed *Martin, et al. v. Lovinger, et al.,* United States District Court for the Eastern District of Virginia, Richmond Division, Civ. Action No. 3:13cv775 (the "Virginia Action"), asserting various statutory and tort claims related to VideoGames against the Lovingers.

WHEREAS, while each Party denies liability to the other Party, all Parties desire to avoid the expense and uncertainty of litigation and desire to permanently resolve this matter without further litigation.

## TERMS AND CONDITIONS

NOW, THEREFORE, in consideration of the promises and representations made herein, which each Party acknowledges as good and valuable, the receipt and sufficiency of which each Party also hereby acknowledges, it is hereby STIPULATED and AGREED by, between and among the Parties as follows:

1.     EFFECTIVE DATE. The Effective Date shall be January 8, 2013.

INITIALS:
Brian Martin _____
Marko Princip _____
Abby Lovinger _____
Adam Lovinger _____
Andrew Lovinger _____

Page 1 of 10

2.  SETTLEMENT TERMS.

   a.  This Agreement is given in consideration of the Parties mutual promises set forth herein below, including a release of all claims arising from conduct by the Lovingers, Martin and Princip, together with the payment set forth below, and promises and commitments made herein.  In exchange for the foregoing, the Parties agree that this Agreement is a full and final settlement and compromise of this action and a release and discharge of any and all claims and causes of action by the Parties, and a release and discharge of any and all the Parties' claims and causes of action arising out of the events or incidents referred to in, or in any way related to, the California Action or the Virginia Action.

   b.  On or before midnight on January 15, 2014 (hereinafter the "Transfer Date"), the Lovingers will transfer all interest, control, and passwords, and a copy of all operative agreements with third-parties, with regard to VideoGames, to Martin and Princip.  As of the Transfer Date, the Lovingers relinquish, convey, grant and quit claim all rights, title and interest, including intellectual property rights, if any, to the YouTube Channel Videogames to Martin and Princip, as well as any right to access the YouTube Channel Videogames.

   c.  Notwithstanding the transfer, relinquishment, conveyance, grant, and quit claim set forth in Section 2.b., the Lovingers shall be entitled to receive and to keep, and are not required to reimburse Martin or Princip for, all revenues and income generated from VideoGames through the Transfer Date, including but not limited to revenues generated for pre-Transfer Date VideoGames views and advertisements but due to be paid post transfer.  Any such revenues paid post transfer shall be paid directly to the Lovingers, and Martin and Princip will not make any demand, claim, or representation that such revenues should not be paid to the Lovingers.

   d.  Martin and Princip, jointly and severally, shall, beginning on or before March 15, 2014, or as soon thereafter as sufficient net revenue is received that is generated in any manner from VideoGames after the Transfer Date, whether by advertisements or the sale or assignment of any rights related to VideoGames, pay the Lovingers a sum total of $30,000 in three (3) equal monthly installments of $10,000 each due on or before the 15th day of each month until paid in full.  If any monthly payment is not timely made in the full amount of $10,000, on the grounds that sufficient net revenue has not yet been received, then Martin and Princip will pay all net revenue to the Lovingers until the Lovingers are paid in full, and the Lovingers and/or their accountant will be entitled to inspect all records relating to the net revenue from VideoGames.  "Net revenue" shall be defined as gross revenue less expenses, before any payments of any kind to Martin, Princip, or any related persons or entities, and before taxes. Expenses shall include ordinary expenses according to GAAP.

INITIALS:
Brian Martin  _____
Marko Princip  _____
Abby Lovinger  _____
Adam Lovinger  _____
Andrew Lovinger  _____

e.   The Parties agree and stipulate that there is no admission of wrongdoing by any party, and that no party, directly or indirectly, shall cause to be filed, or has filed, any report, claim, or complaint with any governmental agency or administrative body, nor any private corporate entity, such as Google or YouTube.

f.   Within five (5) business days of the Effective Date, Martin and Princip will file a motion to dismiss the Virginia Action with prejudice.

g.   Within five (5) business days of the Effective Date, the parties will file a joint request for dismissal of the California Action with prejudice, subject to the stipulation that the Superior Court of California, in and for the County of San Mateo, shall retain jurisdiction of this matter pursuant to California Code of Civil Procedure § 664.6 until such time as all terms and conditions of this Agreement have been performed.

3.   MUTUAL RELEASES.   Upon the Effective Date, and except for the obligations specifically set forth in this Agreement, all Parties, on their own behalf and on behalf of their present, former, and future affiliates, agents, attorneys, accountants, assigns, employees, insurers, members, officers, parents, partners, predecessors, representatives, subsidiaries, successors, and all persons claiming by or through them (collectively, the "Releasors"), release and forever discharge each other, and any and all of their present, former, and future accountants, administrators, affiliates, agents, attorneys, directors, distributors, employees, insurers, licensees, members, officers, parents, predecessors, principals, representatives, shareholders, subsidiaries, successors and assigns, sureties, and underwriters (collectively, the "Releasees") from any and all accounts, actions, agreements, bills, bonds, causes of action, claims, controversies, costs and expenses, damages, debts, demands, execution, extents, fees (including but not limited to attorneys' fees), injuries, judgments, liabilities, liens, losses, obligations, promises, reckonings, specialties, suits, sums of money, trespasses, variances, whatsoever, in law or in equity, for compensatory or punitive damages or any other reliefs, monetary or otherwise, whether suspected or unsuspected, pleaded or unpleaded, direct or indirect, asserted or unasserted, hidden or concealed, matured or unmatured, material or immaterial, contingent or absolute, that the Releasors ever had from the beginning of the world until the Effective Date of this Agreement, against the Releasees.

4.   1542 WAIVER.  In furtherance of the intentions set forth in this Agreement each of the Parties acknowledges that it is familiar with California Civil Code section 1542, which provides as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

INITIALS:
Brian Martin _____
Marko Princip _____
Abby Lovinger _____
Adam Lovinger _____
Andrew Lovinger _____

5.   KNOWING AND VOLUNTARY RELEASE. The Parties declare that prior to execution of this Agreement, each has consulted or has had the opportunity to consult with his, her or its counsel of choice.  The Parties further apprised themselves of sufficient relevant information, through sources of their own selection, in order that they might intelligently exercise their own judgment in deciding whether to execute the Agreement and in deciding on the contents hereof.   The Parties further declare this decision is not predicated or influenced by any declarations or representations of Releasees other than those expressly set forth in this instrument. The Parties further expressly state that each has read this Release, with the assistance of counsel of choice, and understands all of its terms, and that the preceding paragraphs recite sole consideration for this Release, and that all agreements and understandings between the parties are embodied and expressed herein. The Parties acknowledge that they have each read and reviewed the terms of this Agreement, and had an opportunity to confer with counsel in the negotiation of this Agreement.  Accordingly, the Agreement shall be construed neither for nor against any party, but shall be given a fair and reasonable interpretation in accordance with the meaning of the terms and the intent of the Parties.

6.   AGREEMENT TO COOPERATE.      In the event Martin or Princip require the Lovingers to execute any additional and further documents or action to secure the right, title and interest in the YouTube Channel Videogames, the Lovingers shall reasonably cooperate.   In the event there are any notary fees or other such fees related to the authentication of signatures for signing additional and further documents or for the delivery of such documents, *i.e.*, after the execution of this Agreement, the reasonable and customary costs of such fees shall be borne by Martin and/or Princip.

7.   REPRESENTATIONS AND WARRANTIES.   Each Party hereby represents and warrants to and for the benefit of each other Party as follows:

    a.   Each of the Parties has the power and authority to execute and deliver this Agreement and to perform all of the respective terms, conditions and obligations set forth herein.

    b.   This Agreement is the legal, valid and binding obligation of it, he or she, enforceable against it, he or she in accordance with its terms.

    c.   The Parties, and each of them, whether individually or collectively, have not transferred, assigned or conveyed any claim or right being released hereunder, and has full power and authority to fully and finally release each such claim or right.

    d.   Each of the Parties hereto expressly understand, state and agree that he or she has received valuable consideration in exchange for the promises contained herein.

    e.   This Agreement, including the consideration contained herein, has been negotiated at arms-length between the Parties.

INITIALS:
Brian Martin ____
Marko Princip ____
Abby Lovinger ____
Adam Lovinger ____
Andrew Lovinger ____

f.   Each of the Parties warrants and represents that no claims have been made or asserted against any of the other Parties, whether criminal, civil, or administrative to any public agency or with Google, Youtube or any other entity, other than the California Action and the Virginia Action.

8.   NOTICE.   Any notice shall be sent by both Registered Mail and electronic mail for notice to be effect. Notice for each party shall be as follows:

**The Lovingers**

Send to Both:

Patrick R. Hanes
Williams Mullen
200 South Tenth Street
Richmond, Virginia 23219
phanes@williamsmullen.com

And:

Paul J. Smoot

Law Office of Paul J. Smoot
1720 S. Amphlett Blvd., Suite 104
San Mateo, CA 94402

pjsmoot@gmail.com

**Martin and Princip**

Mark H. Allenbaugh
Law Offices of Mark H. Allenbaugh
30432 Euclid Ave., Suite 101
Wickliffe, Ohio 44092
mark@allenbaughlaw.com

9.   CALIFORNIA LAW AND JURISDICTION FOR ENFORCEMENT.  This Agreement shall be construed and enforced in accordance with the laws of the State of California. The Parties acknowledge, agree and stipulate that the Superior Court of California, in and for the County of San Mateo, shall retain jurisdiction of this matter pursuant to California Code of Civil Procedure § 664.6 until such time as all terms and conditions of this Agreement have been performed.  In the event of dispute, any party may seek enforcement of this Agreement.

10.  ATTORNEY FEES AND COSTS.  The Parties agree, represent and warrant that each party shall bear his, her or its own attorney fees and costs, and there shall be no prevailing party. This provision does not apply to the enforcement of this Agreement.  In the event a party moves to enforce this Agreement, the court shall award reasonable attorney fees and costs to the prevailing party.

11.  AMENDMENT.  This Agreement may not be modified, altered or changed except in a writing duly executed by all Parties, wherein specific reference is made to this Agreement.

12.  SEVERABILITY.  If any provision of this Agreement is held to be unenforceable for any reason, the remaining parts of the Agreement shall remain in full force and effect.

INITIALS:
Brian Martin _____
Marko Princip _____
Abby Lovinger _____
Adam Lovinger _____
Andrew Lovinger _____

Page 5 of 10

13.    WAIVER.  The failure of a Party to object to, or the waiver by any Party of, one or more breaches or violations of this Agreement shall not constitute a waiver or limitation upon the right of such Party to object to, or operate or be construed as a waiver or estoppel of, any other breach or violation of this Agreement.  No waiver by any Party of any breach of any right under this Agreement shall be valid unless in writing and signed by an authorized representative of such Party.

14.    FINAL ACCORD AND SATISFACTION.   This Agreement is intended to be final and binding between the Parties hereto and is a full and final accord and satisfaction in this Action between the Parties hereto as of the time of the signing of this Agreement, and each Party expressly relies on the finality of this Agreement as a substantial, material factor inducing the Parties' execution of this Agreement.

15.    SUCCESSORS AND ASSIGNS.  This Agreement shall be binding upon and shall inure to the benefit of the Parties hereto and their respective successors and assigns.

16.    COUNTERPARTS.   This Agreement may be signed in two or more identical counterparts, each of which when so executed and delivered shall be an original, but such counterparts shall together constitute one and the same enforceable instrument.   A photocopied, faxed or electronic signature on the Agreement shall be sufficient to bind the signing Party.

17.    CONSTRUCTION.  This Agreement has been drafted jointly by the Parties.  This Agreement is to be construed fairly and not in favor of or against any Party, regardless of which Party or Parties drafted or participated in the drafting of its terms.  Any rule of construction that a document is to be construed against the drafting Party shall not be applicable to this Agreement.  In the event an ambiguity or question of intent or interpretation arises, this Agreement shall be construed as if drafted jointly by the Parties and no presumption or burden of proof shall arise favoring or disfavoring any Party by virtue of authorship of any of the provisions of this Agreement.

18.    HEADING AND TITLES.  Headings and titles herein are for convenience of reference only and shall not be considered in the interpretation of this Agreement or the construction of any of its terms.

19.    ENTIRE AGREEMENT.  This Agreement sets forth the entire agreement and understanding among the Parties with respect to the subject matter hereof, and fully supersedes and replaces any prior oral or written communications, representations, or understandings concerning the terms of this Agreement.  The Parties acknowledge that they have not relied on any representations, promises, or agreements of any kind made to them by any person or entity in connection with their decision to accept this Agreement,

INITIALS:
Brian Martin ____
Marko Princip ____
Abby Lovinger ____
Adam Lovinger ____
Andrew Lovinger ____

except as expressly set forth in this Agreement.

20.    FULL EXECUTION. This Agreement shall have no force or effect until and unless it is fully executed by all Parties on the signature page and initialed on every preceding page.

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be duly executed on the dates set forth below.

Date: 1/4/14

By: Adam Lovinger, individually and on behalf of Andrew Lovinger

STATE OF Virginia
COUNTY OF Henrico

I, Donald Ameche Garrett, a Notary Public of the County and State aforesaid, certify that Adam Lovinger personally appeared before me this day and, being personally known to me, acknowledged to me that the foregoing instrument was signed by (him/her) voluntarily for the purposes expressed therein on this 4th day of January, 2014.

Donald Ameche Garrett
Notary Public (signature)

Donald Ameche Garrett
Notary Public (printed name)

My Commission
Expires: 04-30-2016

(SEAL)



Date: 1/4/14

By: Abby Lovinger, individually and on behalf of and as Guardian Ad Litem for Andrew Lovinger

STATE OF Virginia
COUNTY OF Henrico

I, Donald Ameche Ga, a Notary Public of the County and State aforesaid, certify that Abby Lovinger personally appeared before me this day and, being personally known to me, acknowledged to me that the foregoing instrument was signed by (him/her) voluntarily for the purposes expressed therein on this 4th day of January, 2014.

Donald Ameche Garrett
Notary Public (signature)

Donald Ameche Garrett
Notary Public (printed name)

My Commission
Expires: 04-30-2016

(SEAL)

Date: 1-4-14



Page 7 of 10

By: Andrew Lovinger

Date: _____

STATE OF _Virginia_
COUNTY OF _Henrico_

By: Marko Princip

I, _Donald Ameche Garrett_, a
Notary Public of the County and State
aforesaid, certify that _Andrew Lovinger_
personally appeared before me this day and,
being personally known to me,
acknowledged to me that the foregoing
instrument was signed by (him/her)
voluntarily for the purposes expressed
therein on this _4th_ day of _January_,
20_14_.

STATE OF _____
COUNTY OF _____

I, _____, a
Notary Public of the County and State
aforesaid, certify that _____
personally appeared before me this day and,
being personally known to me,
acknowledged to me that the foregoing
instrument was signed by (him/her)
voluntarily for the purposes expressed
therein on this ___ day of _____,
20___.

_Donald Ameche Garrett_
Notary Public (signature)

_Donald Ameche Garrett_
Notary Public (printed name)

My Commission
Expires: _04-30-2016_

(SEAL)

_____
Notary Public (signature)

_____
Notary Public (printed name)

My Commission
Expires: _____

(SEAL)

Date: _____

_____

By:  Brian Martin

STATE OF _____
COUNTY OF _____

      I, _____, a
Notary Public of the County and State
aforesaid, certify that _____
personally appeared before me this day and,
being personally known to me,
acknowledged to me that the foregoing
instrument was signed by (him/her)
voluntarily for the purposes expressed
therein on this ____ day of _____,
20__.

_____
     Notary Public (signature)

_____
     Notary Public (printed name)

My Commission
Expires: _____

(SEAL)

APPROVED AS TO FORM:


Date: _____


_____
By: Mark Allenbaugh, Counsel for Brian
Martin and Marko Princip


Date: _____


_____
By: Patrick R. Hanes, Counsel for the
Lovingers in the Virginia Action


Date: _____


_____
By: Paul J. Smoot, Counsel for the
Lovingers in the California Action

APPROVED AS TO FORM:


Date: _____


_____
By: Mark Allenbaugh, Counsel for Brian
Martin and Marko Princip


Date: _____


_____
By: Patrick R. Hanes, Counsel for the
Lovingers in the Virginia Action


Date: _1-3-14_

_____
By: Paul J. Smoot, Counsel for the Lovingers
in the California Action

APPROVED AS TO FORM:

Date: _____

_____

By: Mark Allenbaugh, Counsel for Brian
Martin and Marko Princip

Date: 1/8/2014

_____

By: Patrick R. Hanes, Counsel for the
Lovingers in the Virginia Action

Date: _____

_____

By: Paul J. Smoot, Counsel for the
Lovingers in the California Action

Page 10 of 10